WILLIAM C. BOWERS and ARTHUR COPPELL, as Trustees under a Deed of Trust Made by John M. Bowers, Dated the 16th Day of June, 1915, and Amended the 15th Day of December, 1916, Plaintiffs, *v.* SPOTSWOOD D. BOWERS, WILLIAM C. BOWERS and ARTHUR COPPELL, Individually and as Executors and Trustees under the Last Will and Testament of John M. Bowers, Deceased, MARY BOWERS COPPELL, MARTHA DANDRIDGE BOWERS and WILLIAM C. BOWERS, 2d, Defendants.

(Supreme Court, New York Special Term, July, 1918.)

Trusts — deeds of — construction of — duties of trustees — wills — vesting of title.

A deed of trust directed that upon the death of the settlor the trustee should assign and transfer certain securities and any substitution thereof to such person or persons as might be made residuary legatees by the will of the settlor, and in default of any such will they were directed to pay over the same to the lawful representatives of the settlor. By his will, which was duly probated, his residuary estate was given to his executors and trustees " upon the special trust and confidence to enter into and upon the real estate and take possession of and get in the personal estate and to divide the same into four equal shares or parts," the same to be held by them during the lifetime of each of testator's four children, and upon the death of each of said children the executors and trustees were directed to pay the trust fund to his or her wife or husband, as the case might be, and to descendants of testator in such shares and estates as each child should by will appoint. In default of such appointment the gift over was to the issue *per stirpes,* and in default of issue the portion constituting each separate trust fund was

bequeathed to the surviving children of testator in equal shares. *Held,* that the clause of the trust read with the residuary clause of the will vested the title to the fund in the executors and trustees designated in the residuary clause of the will and that such fund fell into and became part of the great bulk of the estate to be used in the comprehensive scheme therein contained for testamentary provisions for testator's children and their issue.

That testator had distributed another trust fund, the subject of a similar deed of trust, in absolute transfers to each of the four children, beneficiaries under the residuary clause of the will in equal parts, did not make for a construction of similar intent with respect to the fund here involved.

Action for the construction of a deed of trust.

James W. Gerard, for plaintiffs.

William H. Van Benschoten, for Spotswood D. Bowers, William C. Bowers, 2d, Mary Bowers Coppell and Martha Dandridge Bowers, defendants, all individually.

Francis M. Scott, for Spotswood D. Bowers, William C. Bowers and Arthur Coppell, as executors of and trustees under the last will and testament of John M. Bowers, deceased.

Henry M. Carpenter, for William C. Bowers and Arthur Coppell, individually.

McAvoy, J. The clause submitted for interpretation and construction in this action is contained in a deed of trust made by the late John M. Bowers, Esq., himself a great probate lawyer and noted advocate at this Bar. It reads: " Upon the death of the party of the first part (the trustees are) to assign and transfer the said securities and any substitution thereof to such person or persons as may be made residuary legatees by the will of the party of the first part, and in default

of any such will, to pay over the same to the lawful representatives of said party of the first part.'' The will which the settlor of this trust made, and which was his proven last testament, gave these directions for the disposition of his residuary estate: ''All the rest, residue and remainder of my estate, real and personal, of every name, nature and description of which I may die seized, possessed of or entitled to, either at law or in equity, including all lapsed legacies, and all my estate, the disposition of which may fail or not take effect, I give, devise and bequeath to my executors and trustees hereinafter named, upon the special trust and confidence to enter into and upon the real estate and take possession of and get in the personal estate and to divide the same into four (4) equal shares or parts.'' These shares were to be held by the executors and trustees during the lifetime of each of the testator's four children, and upon the death of each of the children the direction is to pay the trust fund to his or her wife or husband, as the case may be, and to descendants of this testator, in such shares and estates as each child shall by testamentary disposition appoint. In default of an appointment the gift over is to the issue *per stirpes,* and in default of issue the portion constituting each separate trust fund is bequeathed to the surviving children of testator in equal shares. The question propounded amounts to this in effect: Does this direction in the trust deed as to disposition of the fund after the settlor's death mean that the transfer of the securities which constitute its *corpus* is to be made to the executors and trustees named in the will as the persons strictly within the definitions of residuary legatees, or is the meaning that the words '' residuary legatees '' convey to be construed as such persons as are beneficially entitled as *cestuis que trust* to the advantages and profits flow-

ing from the trust created by the will? It is admittedly doubtful that the transfer over contemplated after the settlor's death made by the clause quoted of the trust deed was intended to convey an absolute gift to the beneficiaries of the residuary estate rather than the naked title holders of its legal entity. The language is susceptible of such a construction, and the settlor's disposition of another fund, the subject of a trust conveyance, is indicative somewhat of that intent. Executors and trustees designated as holders and administrators of a fund, although vested with legal ownership, are not in popular parlance termed residuary legatees. It is only in the refined and delicate language of legal terminology that they are thus classed. It cannot be denied that a lawyer of great attainments and astuteness would use in formal instruments legal terms in their strictest sense, and hence it seems that the intent sought in the language used is indicated in a likely desire to augment the trust fund created for the four children by the addition of the fund used during his lifetime only for the benefit of the two daughters. This I believe is to reason according to experience and that the deduction to be made here is that, if the testator wished a disposition of this trust fund other than that which well-grounded legal construction would seem to import, he would have made warrant for so finding his intent more specific and direct. The possible construction which would find an intent to make an absolute gift of this fund to the executors and trustees individually has the merit, if such it be, of the very strictest limitation of the words to the narrowest legal sense, but no act of the testator gives ground for making a ruling that such was within his desire. I conclude that the clause in the trust deed, read with the residuary clause of the will, vests the title to the fund in the executors

and trustees designated in the residuary clause of the settlor's will, and that such fund falls into and becomes part of the great bulk of the estate to be used in the comprehensive scheme therein contained for testamentary provision for testator's children and their issue.    That testator had distributed another trust fund, the subject of a similar deed of trust, in absolute transfers to each of the four children beneficiaries of the residuary clause of the will in equal parts does not make for a construction of similar intent with respect to the fund here involved; rather does it point to an inclination of the donor's mind to refrain from a distribution of this fund in absolute gifts by way of legacies in equal parts of the whole, since it must be agreed that one who made his intent so apparent as to the disposition of the smaller fund would not leave to the refinements of subtle argument the rights of children to an unconditional bequest. The clause will be construed to effect an assignment and transfer of the title to the fund to the executors and trustees named in the residuary clause of the will to receive the same upon the special trust and confidence therein set forth and apply the same to the uses in that instrument directed.    The accounts of the acts and doings of the plaintiffs as trustees of this fund will be approved and judicially settled.    Commissions are fixed and allowed as indicated in the summary statement of the account.    And upon compliance with the decree herein the aforesaid trustees will be discharged of all liability and responsibility whatsoever by reason of their acts as trustees under the deed of trust described in the complaint.

Ordered accordingly.